UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JIAN "JEFFREY" YUAN,

    Plaintiff,

    v.

GETCO, LLC, GETCO HOLDING
COMPANY, LLC, STEPHEN SCHULER,
and DANIEL TIERNEY,

    Defendants.

No. 11 C 2382
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff filed his Complaint in Cook County Circuit Court on March 9, 2011 alleging claims under the Illinois Wage Payment and Collection Act ("the Act"). The Complaint alleges that Defendants violated the Act by failing to pay Plaintiff several million dollars worth of bonuses and commissions owing from his work as a securities trader. Defendants removed the case based on federal subject matter jurisdiction, and now move to compel arbitration. For the following reasons, Defendants' motion to compel arbitration is granted.

### I. FACTS

GETCO, LLC is a registered electronic market maker whose primary business involves buying and selling securities to provide two-sided liquid markets on exchanges around the world. GETCO, LLC is a wholly owned subsidiary of GETCO Holding Company ("GHC") (collectively "GETCO"). OCTEG, LLC is a wholly owned subsidiary of GETCO, LLC, and is a registered Broker-Dealer under Section 15 of the Securities Exchange Act of 1934. OCTEG holds an Equity and Options Trading Permit issued by NYSE Arca. Plaintiff worked as a securities trader for GETCO from 2000 until early 2010, and actively traded on exchanges including NYSE Arca

and NASDAQ. NYSE Arca, NASDAQ and NYSE are Self-Regulatory Organizations ("SROs") pursuant to the Securities Exchange Act of 1934.

As a securities trader, Plaintiff was required to register with the exchanges where he traded. Accordingly, on five occasions, Plaintiff executed Form U-4s, Uniform Application for Securities Industry Registration or Transfer. On each Form U-4, Plaintiff listed his firm as OCTEG. Plaintiff registered as a "GS-Full Registration/General Securities Representative." Defendants Schuler and Tierney are managing members of GETCO, LLC, which wholly owns and controls OCTEG. Defendants Schuler and Tierney each completed Form U-4s and registered with exchanges, including NYSE Arca.

Two of Plaintiff's Form U-4s include the following arbitration provision:

I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions or by-laws of the SROs indicated in Section 4 [which includes NYSE Arca, NASDAQ and NYSE] (SRO REGISTRATION) as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.

The NYSE Arca is OCTEG and Plaintiff's primary regulator. NYSE Arca Equities Rule 12(a) states that :

(i) any dispute, claim or controversy between or among ETP Holders and/or associated persons shall be arbitrated pursuant to the FINRA Dispute Resolution, Inc. Codes of Arbitration Procedure; and, (ii) any dispute, claim or controversy between a customer or non-member and an ETP Holder and/or associated person arising in connection with the business of such ETP Holder and/or in connection with the activities of an associated person shall be arbitrated. . .

In the course of his employment with the GETCO entities, Plaintiff signed two employment agreements. First, he signed an employment agreement that did not include a dispute resolution provision. Then, in 2007, he executed a second employment agreement with

2

GETCO agreeing that the term "GETCO" means "GETCO, LLC, an Illinois limited liability company, or its parent, subsidiary or affiliated entities, including GETCO Holding Company, LLC, OCTEG, LLC, Blink Trading, LLC, GETCO Europe Limited, Lowtech Solutions, LLC and GETCO Securities, LLC." This employment Agreement also included a section governing dispute resolution, which provides that disputes between Plaintiff and GETCO subject to mandatory arbitration under SRO regulations must be arbitrated.

## II. DISCUSSION

Defendants allege that all of Plaintiff's claims are subject to the arbitration agreement in his securities registration Form U-4, which incorporates the mandatory arbitration provisions of the securities exchanges with which Plaintiff was registered, including NYSE Arca, NASDAQ and NYSE. The parties focus on NYSE Arca's mandatory arbitration provisions because it is the Designated Examination Authority, or primary regulator, of Plaintiff and OCTEG, LLC. The provisions of NASDAQ and NYSE are equally applicable as well, however.

Plaintiff argues that he is not required to arbitrate because: (1) Plaintiff is not an "associated person" of the SROs; (2) even if Plaintiff was an associated person, Defendants are neither associated persons nor third party beneficiaries; (3) Plaintiff is no longer required to arbitrate because of the filing of Form U-5; and (4) certain claims are not subject to arbitration because FINRA Rule 13206 provides "no claim shall be eligible for submission to arbitration where six years have elapsed from the occurrence or event giving rise to the claim."

### A. All Parties Are Associated Persons

Defendants argue that Plaintiff's Form U-4 arbitration agreements are enforceable under the Federal Arbitration Act ("FAA") and require him to pursue his claims in arbitration. Courts,

3

including the U.S. Supreme Court and the Seventh Circuit have held that Form U-4 arbitration agreements are enforceable to require arbitration. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, n.2 (1991); *Koveleskie v. SBC Capital Markets, Inc.*, 167 F.3d 361, 365 (7th Cir. 1999).

In his Form U-4s, Plaintiff expressly agreed to arbitrate "any claim that may arise between [Plaintiff] and [his] firm, or a customer or any other person that is required to be arbitrated under the rules, constitutions, or by-laws of the SROs indicated in Section 4." NYSE Arca is an SRO.

NYSE Arca Rule 12(a) requires arbitration of disputes "between or among ETP (Equity Trading Permit) Holders and/or associated persons." Therefore, both Plaintiff and each defendant must be ETP Holders or associated persons. Under Arca Rule 1.1(f) an associated person is "a person who is a partner, officer, director member of a limited liability company, trustee of a business trust, employee of an ETP Holder, or any person directly or indirectly controlling, controlled by, or under common control with an ETP Holder." Plaintiff argues that this dispute is not "between or among ETP Holders and/or associated persons" as required under Arca Rule 12(a).

    1. Plaintiff is an Associated Person

Under NYSE Arca rules, Plaintiff is an "associated person" because he is an employee of an ETP Holder. NYSE Arca Rule 1.1(f). An ETP Holder is the entity that has been issued an Equity Trading Permit, and Plaintiff does not dispute that OCTEG is an ETP Holder. What Plaintiff argues, however, is that he is not an employee of OCTEG, but rather GETCO, and is therefore not subject to arbitration. This argument, however, is belied by the facts. Plaintiff's 2007 Employee Agreement states:

4

> GETCO has offered and I have agreed to employment based on the terms and conditions of this agreement ("Agreement"). I understand that for the purpose of this Agreement the term "GETCO" means GETCO, LLC, [] or its parent, subsidiary or affiliated entities including GETCO Holding Company, LLC, OCTEG, LLC [].

Moreover, as Defendants highlight, Plaintiff's position demands an untenable result. If Plaintiff were not an associated person under the NYSE Arca Rules, then he would have been trading on the exchange without being subject to its rules, thereby engaging in impermissible trading activities.

Though Plaintiff points to a benefits enrollment confirmation with GETCO letterhead as evidence of his rightful employer, this document does not overcome the language of his Employment Agreement which plainly states that OCTEG qualifies as his employer.

B. Defendants Are Associated Persons

Plaintiff next argues that parent companies and their members and directors are not associated persons. This, however, is contradicted by NYSE Arca Rule 1.1(f). Pursuant to this rule, an "Associated Person" includes "any person directly or indirectly controlling, controlled by or under common control with an ETP Holder."

The term "control" "shall mean the power, directly or indirectly, to direct the management or policies of a person." NYSE Arca Rule 1.1(i). Plaintiff does not deny that OCTEG, the ETP Holder, is a wholly owned subsidiary of GETCO LLC, or that GETCO LLC is a wholly owned subsidiary of GHC. Therefore, GETCO LLC and GHC directly or indirectly control OCTEG, and thus qualify as associated persons under NYSE Arca Rules. The NYSE Arca Rules define "person" to include parent companies and their members and directors. NYSE

Arca Equities Rule 1.1(oo). Limited liability companies such as GETCO, LLC and GHC fall within this definition because they control OCTEG.

Individual Defendants Schuler and Tierney are also associated persons under NYSC Arca Rules. Rule 1.1(i) states that "a person shall be presumed to control another person if such a person: (1) is a director, general partner or officer exercising executive responsibility (or having similar status or functions)." Schuler and Tierney are both co-founders, managing members, and members of the board of directors of GHC as well as managing members of GETCO, LLC. Therefore, they control GETCO and indirectly control OCTEG. Accordingly, they are associated persons under NYSE Arca Rules.

Because I find that all parties are 'associated persons,' I do not address Defendants' third-party beneficiary arguments.

### C. Form U-5 Is Not Relevant

Plaintiff argues that he is not subject to arbitration because Defendants terminated his employment and filed a Form U-5. This argument is without merit. A Form U-5 must be filed whenever a person affiliated with the ETP Holder ends its affiliation with that ETP Holder. NYSE Arca Equities Rule 2.16( c). This requirement, however, has no impact on an employee's prior agreement to arbitrate claims that arise out of the period of time he worked under a Form U-4 Agreement. "Unless there is clear evidence that the parties intended to override this presumption" an employee's agreement to arbitrate survives his termination. *Shipp v. XA, Inc.*, No. 06 C 1193, 2006 U.S. Dist. LEXIS 67094, at *20-21 (N.D. Ill. 2006). Here, there is nothing to suggest that Plaintiff's U-4 arbitration clause was intended to die upon the termination of his employment.

6

Likewise, Plaintiff argues that Schuler cannot compel arbitration because he filed a Form U-5 terminating his registration with the SROs, this argument is unavailing. Nothing in the NYSE Arca definition of associated person requires that an associated person be registered with the exchange. Moreover, it is undisputed that Schuler currently directly or indirectly controls OCTEG, and thus is currently an associated person.

### D. Plaintiff's Nexus Argument Fails.

Plaintiff also argues that there must be a nexus to the activity regulated by the SROs in order to compel arbitration. No such NYSE Arca Rule requires such a nexus however. Instead, they require arbitration of "any dispute, claim, or controversy between or among ETP Holders and/or associated persons." NYSE Arca Equities Rule 12(a)(i). Plaintiff likewise does not dispute that NASDAQ Rule 10101 provides for arbitration of disputes arising out of the employment or termination of employment of associated persons.

### E. Doubts As to Scope Must Be Resolved In Favor of Arbitration

Finally, Plaintiff argues that because FINRA arbitration rules do not allow claims over six years old, any portion of his wage-payment claims that precede the last six years should remain before this Court. FINRA Rule 13206 specifically reserves for the arbitrator the right to determine whether a claim is timely:

> No claim shall be eligible for submission to arbitration under the Code where six years have elapsed from the occurrence or event giving rise to the claim. The panel will resolve any questions regarding the eligibility of a claim under this rule.

Accordingly, it is for the panel to determine whether all, or some, of Plaintiff's claims must be arbitrated.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to compel arbitration is granted.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: August 12, 2011